IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VITE TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 14-1507-SLR |
| | ) | |
| SMITH & NEPHEW, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

1. **Introduction.** On December 14, 2014, plaintiff Vite Technologies, LLC ("plaintiff") filed a complaint alleging patent infringement against defendant Smith & Nephew, Inc. ("defendant"). (D.I. 1) On March 13, 2015, defendant filed an answer asserting affirmative defenses[1] and counterclaimed for non-infringement, invalidity, and unenforceability. (D.I. 11) Plaintiff answered the counterclaims on April 6, 2015. (D.I. 16) Presently before the court is plaintiff's motion to strike certain factual allegations from defendant's answer. (D.I. 17) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. **Background.** Plaintiff is a Delaware limited liability company with a place of business in Wilmington, Delaware. (D.I. 1 at ¶ 2) Plaintiff owns the patent-in-suit,[2] including the rights to sue and recover for infringement. (Id. at ¶¶ 8) Defendant is a Delaware corporation having its principal place of business in Memphis, Tennessee.

---

[1] Defendant asserted the following affirmative defenses: non-infringement, invalidity, laches, equitable estoppel, statute of limitations, failure to disclose invalid claims, failure to mark, unclean hands, and unenforceability. Defendant also asserted that plaintiff failed to state a claim and that plaintiff was not entitled to injunctive relief.

[2] U.S. Patent No. 6,648,892 ("the '892 patent").

(D.I. 1 at ¶ 3). The inventor of the '892 patent and plaintiff's predecessor-in-interest is a physician and an attorney. Plaintiff contends that the information alleged at paragraphs 21-29 and 61-63 of defendant's affirmative defenses and paragraphs 76-84 and 117-119 of defendant's counterclaims are immaterial and scandalous. Specifically, plaintiff moves to strike those paragraphs of defendant's pleading that refer to a disciplinary action taken in 2013 by the Medical Board of California ("the Board Decision") against the inventor for her billing practices. (D.I. 11 at 6, 10)[3]

3. **Standard.** Pursuant to Rule 12(f), "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion." *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 407 (W.D. Pa. 2011) (citing *Snare & Triest v. Friedman*, 169 F. 1, 6 (3d Cir. 1909); *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007)). "[C]ourts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (citations omitted). A court should not ordinarily strike a portion of a complaint based on evidentiary questions such as relevancy and admissibility "on the sterile field of the pleadings alone" because they "general[ly] require the context of an ongoing and unfolding trial to be properly decided." *Id.*

4. As a general matter, motions to strike under Rule 12(f) are disfavored. *Seidel v. Lee*, 954 F. Supp. 810, 812 (D. Del. 1996). "[E]ven where the challenged material is

---

[3] Paragraphs 21-29 and 61-63 of defendant's affirmative defenses are restated as paragraphs 76-84 and 117-119, respectively, of defendant's counterclaims. (D.I. 11 at 16-17, 21)

2

redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009) (internal quotations omitted). "'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291–92 (D. Del. 1995) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–7 (2d ed. 1990)). "'Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Id.* at 1292. "'Scandalous matter' has been defined as 'that which improperly casts a derogatory light on someone, most typically on a party to the action.'" *Carone v. Whalen*, 121 F.R.D. 231, 233 (M.D. Pa. 1988) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 826).

5. **Discussion.** The likelihood that factual allegations will fail to yield admissible evidence is not a sufficient reason to grant a motion to strike. *See Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1365 (D. Del. 1988). Accordingly, the court declines to address the parties' arguments concerning the admissibility of the Board Decision until defendant seeks to introduce such evidence.

6. Moving on to whether the challenged material is redundant, immaterial, impertinent, or scandalous, I find the material to be both unnecessary and scandalous. More specifically, as I read defendant's answer, affirmative defenses and counterclaims (D.I. 11), defendant contends, e.g., that the '892 patent is unenforceable because the inventor withheld material information from the United States Patent & Trademark Office

3

("USPTO") during prosecution, with an intent to deceive the USPTO.[4] Defendant has recited relevant allegations in this regard, such as the inventor's medical background and contemporary knowledge of the withheld prior art devices. (*See, e.g.*, D.I. 11 at ¶¶ 12-20, 30-60, 67-75, 85-116)

7. However, I find defendant's use of the Board Decision[5] – which issued more than a decade after the issuance of the '892 patent – to be an intentional effort to cast the inventor in a derogatory light at the outset of the case, an effort that adds nothing of value to the allegations of the inventor's knowledge during the prosecution of the '892 patent. I decline to allow such a tactic to be the bellwether of this litigation.

8. **Conclusion.** Plaintiff's motion to strike (D.I. 17) is granted with respect to paragraphs 21-29, 61-63, 76-84, and 117-119.[6]

                                                                                                                        *[signature]*
                                                            United States District Judge

---

[4] Because a "counterclaim and affirmative defense for inequitable conduct rise or fall together," this analysis applies to each of the contested paragraphs. *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 306 (D. Del. 2013) (citing *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 868 F. Supp. 2d 376, 379–83 (D. Del. 2012); *Southco, Inc. v. Penn Eng'g & Mfg. Corp.*, 768 F. Supp. 2d 715, 721–24 (D. Del. 2011)).

[5] Such evidence would generally be the fodder of Fed. R. Evid. 608 disputes.

[6] I recognize that plaintiff failed to confer prior to filing its motion to strike, in contravention of D. Del. LR 7.1.1. Given the nature of the motion and of defendant's conduct to date, I decline to deny the motion on this procedural basis.